**STATE of Tennessee, Appellee,**

v.

**William R. RIDLEY, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 9, 1990.

Permission to Appeal Denied by Supreme Court May 7, 1990.

Charles W. Burson, State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Bryce C. Ruth, Jr., Asst. Dist. Atty. Gen., Gallatin, for appellee.

Grayson Smith Cannon, Haynes & Cannon, Goodlettsville, for appellant.

## OPINION

BYERS, Judge.

The appellant appeals from a judgment finding him to be an habitual traffic offender. He was denied the right to operate a vehicle for a period of three years, or from owning or possessing a driver's license during the time of suspension.

The appellant says a previous conviction for reckless driving, which was used to show he was an habitual traffic offender, was invalid by reason of constitutional infirmities and thus there was not sufficient evidence to support the judgment finding him to be an habitual traffic offender.

The judgment is reversed and the case is dismissed.

■ The petition was filed by the state in accordance with T.C.A. § 55–10–603 and specifically (2)(A) thereof. The petition alleged the appellant had two previous convictions for driving while unlicensed, T.C.A. § 55–10–603(2)(A)(vii), and of reckless driving, T.C.A. § 55–10–603(2)(A)(ix).

A person may be found to be an habitual traffic offender if they have been previously convicted of three traffic offenses enumerated in T.C.A. § 55–10–603.

The appellant objected to the use of the reckless driving conviction as one of the three previous convictions and averred the conviction showed on its face it was void because the warrant showed he was not proceeded against by presentment or indictment, nor was he afforded a jury trial and the warrant showed on its face he had not waived these rights.

In *State v. Morgan*, 598 S.W.2d 796 (Tenn.Cr.App.1979), this Court held:

> In all (except small) criminal offenses, the rights to be proceeded against only by indictment or presentment and to a trial by jury are grounded upon provisions of Tenn. Const. art 1 §§ 6, 14. Those constitutional rights may be relinquished only by a valid written waiver.

*See also* Rule 5(c)(2), Tennessee Rules of Criminal Procedure.

Reckless driving, T.C.A. § 55–10–205, is punishable by a fine of $25.00 to $500.00 and a sentence of confinement not to exceed ninety days.

In *State v. Dusina*, 764 S.W.2d 766 (Tenn.1989), our Supreme Court held that if an offense could be punished by a fine in excess of $50.00 or any confinement, the right to trial by jury is constitutionally mandated.

The state offered evidence in an effort to show the appellant had waived his right to be proceeded against by presentment or indictment. This evidence was the testimony of the General Sessions Judge who heard the appellant's reckless driving case, on which the appellant pled guilty.

On the warrant there was a printed waiver of the right to counsel, the right to a presentment or indictment, and the right to trial by jury. Each of these were separate and each had a space for an accused to sign, waiving these rights. On the warrant in question, the appellant had signed only the waiver of the right to counsel. There was no signed waiver of the other rights.

The judge testified that she advised everyone present, who had charges to be heard, that if they wished to plead guilty they should sign the waiver of right to counsel. She explained to them they were also waiving the right to trial by jury and the right to be proceeded against by presentment and indictment. When asked if she addressed the appellant personally when he came individually before her to explain to him his rights, the judge said she never did this on small offenses.

The state asserts this evidence shows the appellant waived his rights and the convic-

tion was valid. We do not accept this view. Our rules and our case law require the relinquishment of their rights to be in writing. That is, signed by the appellant. No amount of evidence will supply a signature when, all agree, none exists. We hold therefore this conviction was not valid and could not be used as evidence to support a judgment finding the appellant had become an habitual traffic offender. *See Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The appellant asserts the state should not have been allowed to offer evidence in an attempt to show this conviction for reckless driving was valid, because he would not have been allowed to attack a facially valid prior conviction in the proceeding on being an habitual traffic offender, but would have to proceed in a separate post-conviction proceeding to test the validity thereof. *Everhart v. State*, 563 S.W.2d 795 (Tenn.Cr.App.1978).

Because of the availability of the right to attack a void or voidable plea by way of post-conviction proceedings, a person convicted of a crime has an available vehicle to assert their claim. The state on the other hand, has no available vehicle for collateral-ly asserting the validity of a judgment. Only when a former judgment is offered in evidence and is facially invalid, or if the record of its validity is silent, is there any opportunity for the state to ventilate its claim of validity. If we agree with the appellant, the state would never be allowed to defend judgments which might appear to be invalid but which are in fact valid. We hold the trial judge properly allowed the state to present evidence on this issue.

Because T.C.A. § 55–10–603 requires three prior convictions to find a person has become an habitual offender, and because the reckless driving conviction is invalid and cannot be used, there are only two previous convictions shown. We reverse the judgment of the trial court and dismiss the petition.

DWYER and WADE, JJ., concur.