IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 17, 2001 Session

## STATE OF TENNESSEE v. WILLIAM A. TANSIL

**Appeal from the Circuit Court for Williamson County**
**No. II 53-200     Timothy L. Easter, Judge**

---

**No. M2000-02940-CCA-R3-CD  -  Filed September 18, 2001**

---

The defendant, William A. Tansil, appeals from his conviction for driving under the influence of an intoxicant (DUI), third offense, for which he received a sentence of eleven months, twenty-nine days, with all but one hundred fifty days being suspended. He contends that the trial court erred in finding him to be a third-time offender, arguing that the judgment for one of his prior convictions is void on its face. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, William A. Tansil.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee E. Dryer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to DUI and submitted the issue of prior convictions for sentencing purposes to the trial court. He did not contest the existence of a 1997 DUI conviction from Williamson County, but he sought to exclude a 1996 conviction from the Davidson County General Sessions Court. The defendant's argument was and is that the failure of the general sessions judgment to reflect that the defendant waived his right against self-incrimination and right to confront his accusers renders the judgment facially invalid.

Initially, the state questions the legitimacy of the defendant's right to appeal because he pled guilty but did not reserve a certified question of law for appeal. We see no problem. The defendant did not plead guilty to DUI, third offense, nor did the issue of sentencing get waived when the

defendant pled guilty to the underlying DUI offense. See Tenn. R. Crim. P. 37(b)(2)(ii); T.R.A.P. 3(b)(2).

The state also contends that the judgment is not void on its face and that a facially valid judgment may not be collaterally attacked in another prosecution. We note that in State v. McClintock, 732 S.W.2d 268, 271-72 (Tenn. 1987), our supreme court stated that "unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment."

The defendant correctly states that the rights against self-incrimination, to a jury trial, and to confrontation must be knowingly and voluntarily waived on the record pursuant to Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969), before a valid guilty plea can be entered. However, he argues that the rights must also be recorded as waived on the judgment of conviction before the judgment can be valid. The defendant cites us to no cases that hold such a view, but he refers us to one of this court's cases that holds opposite to his claim.

In State v. John W. Buchanan, No. 0101-9411-CC-00388, Franklin County (Tenn. Crim. App. Nov. 16, 1995), a DUI third offense case, this court was confronted with the same claim as the defendant's, i.e., that the failure of the prior judgments of conviction to reflect the defendant's waiver of his rights against self-incrimination and to confrontation rendered the judgments void. This court concluded that even if the prior guilty pleas had been improperly made, the convictions would only have been voidable, not void. Thus, it held that McClintock barred the defendant's collateral attack on his prior convictions.

The defendant asserts that Buchanan is wrongly decided and, as an unpublished opinion, constitutes only persuasive authority, not binding precedent. See Tenn. S. Ct. R. 4(H)(1). Although Buchanan is only persuasive authority, we view it to be correct, as well. In fact, Buchanan is based upon binding precedent from the Tennessee Supreme Court. In State v. Neal, 810 S.W.2d 131, 134 (Tenn. 1991), the court stated that a failure to advise a defendant fully of the rights waived by a guilty plea "merely renders the related judgment voidable, not void." In Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993), the court held that a conviction resulting from a guilty plea entered without a knowing and voluntary waiver of the right against self-incrimination was not open to attack through a habeas corpus proceeding because the lack of a proper waiver only rendered the conviction voidable, not void. It noted that a post-conviction proceeding is the proper avenue for relief. Id.

In the present case, the Davidson County judgment, signed by a general sessions judge, reflects that the defendant waived his right to counsel, his right to indictment or presentment by a grand jury, and his right to trial by a jury. The written waiver of the right to counsel is necessary for the facial validity of the judgment because the United States Supreme Court has held that in the context of using a prior conviction against a defendant to support guilt or enhanced punishment for another offense, a record of a conviction that does not show either the existence of counsel or the

waiver of counsel is presumptively void. <u>See</u> <u>Burgett v. Texas</u>, 389 U.S. 109, 114-15, 88 S. Ct. 258, 261-62 (1967). The express waivers of the defendant's rights to grand jury review, to indictment or presentment, and to trial by jury confer jurisdiction upon the general sessions court to dispose of the defendant's misdemeanor case. <u>See</u> Tenn. Code Ann. § 40-1-109.

Regularity of criminal proceedings in general sessions court is presumed when it appears on the face of the proceedings that the court had jurisdiction over the subject matter and the parties. <u>See</u> <u>McClintock</u>, 732 S.W.2d at 270. Such is the case before us. We conclude that the Davidson County General Sessions Court judgment is valid on its face and was properly used to enhance the defendant's sentence. Any attack upon the facially valid judgment had to be made in a post-conviction proceeding, not this case.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
JOSEPH M. TIPTON, JUDGE