IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 30, 2003

## BRYAN C. PEARSON v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Circuit Court for Bledsoe County**
**No. 62-2002     Buddy Perry, Judge**

---

**No. E2002-02817-CCA-R3-PC**
**May 12, 2003**

---

The *pro se* appellant appeals from the summary dismissal of his petition for the writ of habeas corpus. Finding that summary dismissal was appropriate under the circumstances of this case, we affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Bryan C. Pearson, Pikeville, Tennessee, *pro se.*

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; J. Michael Taylor, District Attorney General, for appellee, State of Tennessee.

**OPINION**

Background

The appellant, Bryan C. Pearson, pled guilty to second degree murder on August 23, 1993. He was sentenced to confinement in the Department of Correction for a term of 25 years. On October 28, 2002, the appellant filed a petition for the writ of habeas corpus alleging that his attorney and the trial judge failed to adequately advise the appellant of his rights before accepting the guilty plea. He also claims that neither counsel nor the trial judge adequately informed the appellant of the true sentence he was to receive. On November 5, 2002, the trial court denied the petition finding that the allegations in the petition could not form the basis for habeas corpus relief and that if treated as a petition for post-conviction relief the petition was barred by the applicable statute of limitations. The instant appeal followed.

## Analysis

A habeas corpus petition can only be used to challenge judgments that are void and not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment is one which is facially invalid because the convicting court did not have the statutory authority to render its judgment, while a voidable judgment is one that is facially valid and requires proof beyond the face of the record or the judgment in order to demonstrate its voidableness. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A voidable judgment may *not* be collaterally attacked by means of a habeas corpus petition. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). See also Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (alleged constitutional violations that render a conviction voidable are properly addressed in post-conviction proceedings, not habeas corpus proceedings). The appellant essentially claims that his conviction is void because he did not waive his rights knowingly, understandingly or intelligently. However, in State v. Tansil, 72 S.W.3d 665, 667 (Tenn. Crim. App. 2001), a panel of this court noted:

> In State v. Neal, 810 S.W.2d 131, 134 (Tenn. 1991), the [Tennessee Supreme Court] stated that a failure to advise a defendant fully of the rights waived by a guilty plea "merely renders the related judgment voidable, not void." In Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993), the court held that a conviction resulting from a guilty plea entered without a knowing and voluntary waiver of the right against self-incrimination was not open to attack through a habeas corpus proceeding because the lack of a proper waiver only rendered the conviction voidable, not void. It noted that a post-conviction proceeding is the proper avenue for relief. Id.

Therefore, it appears that the appellant's claims, even considered in the light most favorable to the appellant, would at best render his conviction and sentence voidable and not void. Such claims cannot form the basis for habeas corpus relief.

Moreover, the appellant's conviction occurred in 1993 and the instant petition was not filed until 2003. If considered as a post-conviction petition it is clearly barred by the statute of limitations for such petitions. See, Tenn. Code Ann. § 40-30-202(a).

## Conclusion

In summary, the appellant's claims are not sufficient to state a claim for habeas corpus relief. If treated as a post-conviction petition the appellant's action is clearly time barred. Accordingly, the judgment of the lower court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE