# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
March 18, 2003 Session

## ROGER L. HICKMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 74318     Ray L. Jenkins, Judge**

---

**No. E2002-01916-CCA-R3-PC**
**December 18, 2003**

---

JOHN EVERETT WILLIAMS, J., dissenting.

I differ with the majority opinion in two major areas. First, the majority finds it unnecessary to reach the question of whether a judgment of conviction that is silent as to whether a defendant had counsel or waived his right to counsel is voidable or void. For reasons hereafter contained, I conclude such a judgment of conviction is facially invalid or void.

Second, the majority does not accept that the use of a prior conviction to enhance subsequent punishment acts as a "restraint on liberty." The majority construes the statutory language "imprisoned or restrained of his liberty, under any pretense whatsoever" to require actual or constructive confinement in a prison or jail. I disagree.

My reading of the case law convinces me that the Post-Conviction Procedure Act is the authorized route for attacking a facially valid final judgment. It is equally clear to me that only facially invalid judgments are subject to collateral attack by writ of habeas corpus. It would appear important to first determine if the habeas corpus petition sets out a claim that the judgment of conviction is facially valid and, therefore, voidable or the judgment of conviction is facially invalid or void.

As the majority opinion correctly states, the instant judgment of conviction resulted from an uncounseled guilty plea and no waiver of his right to counsel appeared upon the General Sessions judgment. I conclude that even though this misdemeanor conviction carried only a suspended sentence, it is void unless counseled or counsel is waived and such appears upon the judgment of conviction or the record. Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002); State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987); State v. Tansil, 72 S.W.3d 665, 667 (Tenn. Crim. App. 2001).

In McClintock, our supreme court recognized that the authorized route for attacking a facially valid, final judgment of conviction is by the Post-Conviction Procedure Act. 732 S.W.2d at 272.

The instant case, however, deals with a "facially invalid" judgment of conviction for want of counsel or waiver of counsel. In this regard, the supreme court stated in McClintock:

> In [Baldasar v. Illinois, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980)]the record affirmatively revealed that the defendant had neither been represented by counsel nor waived his right to counsel. 100 S. Ct. at 1585. Such a conviction is void on its face for the purposes of recidivist provisions upon subsequent convictions. As Justice Marshall stated in his concurring opinion:
>
>> "An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat offender statute."

732 S.W.2d at 273 (quoting Baldasar, 100 S. Ct. at 1588).

I fail to see how a judgment of conviction so deprived of minimum constitutional protection as to be apparent on its face as void, miraculously heals itself of such serious infirmities with the passage of time.

I acknowledge that Tennessee may be unique in this area, but I feel that McClintock requires that the judgment of conviction contain a notation of counsel or waiver of counsel. The supreme court in McClintock stated:

> In particular, General Sessions Courts are required by the Rules of Criminal Procedure to preserve a sufficient record of their proceedings in criminal cases to permit effective review.
>
> Furthermore, T.C.A. § 8-14-107 explicitly prohibits entry of a guilty plea unless the right to counsel has been waived and the waiver reduced to writing. See also Rules 5 and 44, T.R.Cr.P. Every court is required to make adequate personal inquiry of defendants to assure the validity of all necessary waivers. This is not only required by the Constitutions of this State and the United States but is imposed upon courts by numerous statutory provisions and rules of procedure. See, e.g., T.C.A. §§ 8-14-106, 40-14-102, 40-14-103, 40-14-202; Rules 5, 11, and 44, T.R.Cr.P. Not only does Rule 1, T.R.Cr.P., distinctly ennumerate when those rules govern procedures in General Sessions Courts and impose the requirements of the rules on those courts as rigorously as on other courts exercising criminal jurisdiction, but Rule 54(a), T.R.Cr.P., reiterates that "[t]hese rules apply to all criminal proceedings in all courts of record . . . . They shall apply in General Sessions Courts . . . to the extent specified in Rule 1 or when the context clearly so indicates . . . ."

732 S.W.2d 268 at 273.

The majority's bright line rule of requiring actual or constructive confinement is beguiling in its simplicity. No habeas corpus is allowed after a sentence has expired. If the majority is correct, then the next time we review a petition for habeas corpus, we should first see whether it was filed after the sentence has expired and, if so, deny relief or convert it to a petition for post-conviction relief which has a one-year statute of limitations. Ray v. State, 489 S.W.2d 849 (Tenn. Crim. App. 1972). The majority, as noted earlier, makes no distinction on whether the judgment is facially valid or facially invalid.

The majority, I feel, too narrowly construes the language "imprisoned or restrained of his liberty" to require actual or constructive confinement in a prison or jail. This ignores the many aspects a conviction has on a person's liberty. Long after the threat of confinement, a conviction may affect a defendant's liberty; for example, the right to vote, the right of gun ownership, placement on the sex registry, and enhancement of punishment in subsequent convictions. This Court recognized in Church v. State, 987 S.W.2d 855 (Tenn. Crim. App. 1998), that an out-of-state person may seek habeas corpus relief in Tennessee from a Tennessee conviction, even though not a prisoner in Tennessee. This Court went on to recognize the effects a judgment of conviction may have on a person long after confinement, when it stated:

> We believe that an out-of-state person may seek habeas corpus relief in Tennessee from a Tennessee conviction even though not a prisoner in Tennessee. Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except, [those held under Federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. The restraint need not involve imprisonment. In State ex rel. Dillehay v. White, 217 Tenn. 524, 527-28, 398 S.W.2d 737, 738 (1966), our supreme court allowed a habeas corpus action to test the legality of an order requiring the indigent petitioner to be placed in jail to work out the court costs. Even though the petitioner was not in jail, having made bail, the trial court concluded that she was still restricted in her liberty pending the appeal. In State v. McCraw, 551 S.W.2d 692, 694 (Tenn. 1997), a post-conviction case, our supreme court considered the loss of the right to vote because of a felony conviction to be a "restraint on liberty." It also quoted from United States Supreme Court cases relative to federal habeas corpus being allowed so long as any collateral legal consequences flow from a conviction, such as, loss of citizenship, the enhancement of future criminal punishment, and evidently impeachment of character. Id.; see Carafas v. LaVallee, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559, 20 L. Ed. 2d 554 (1968) and Sibron v. New York, 392 U.S. 40, 57, 88 S. Ct. 1889, 1900, 20 L. Ed. 2d 917 (1965). Thus, the fact that the petitioner is not physically in custody in Tennessee is irrelevant if he is otherwise restrained of his liberty by virtue of his Tennessee convictions.

Id. at 857.

Our supreme court stated in Potts v. State, 833 S.W.2d 60, 62 n. 15 (Tenn. 1992), that "[c]hallenges to void convictions and expired terms of imprisonment survive beyond the time prescribed in § 40-30-102, and the Great Writ cannot be defeated by conversion to post-convictions proceedings pursuant to § 40-30-108 and subsequent dismissal because of the § 40-30-102 time bar." Habeas corpus has no statutory time limitations; even after the post-conviction petition is dismissed as untimely, the petitioner may assert in a petition for writ of habeas corpus that his conviction is void or that he is being wrongfully confined beyond his term of imprisonment.

The majority concludes that the judgment of conviction in the instant case is "presumptively void." I call it "facially invalid." If this is a void judgment, then how may it be attacked, if not by habeas corpus, and in what period of time must it be filed? Surely not within ten days before the ramifications are manifested. In balancing the need for finality, that interest should yield when it is apparent on its face that the judgment of conviction is void. The need for finality should prevail when balanced with a facially valid judgment. I conclude that the only method of attacking this defendant's facially invalid judgment is by habeas corpus and, because that conviction has collateral legal consequences which act as a restraint on the defendant's liberty, it is timely filed.

I agree with the majority that the statutory requirements for filing this petition of habeas corpus were not met. However, I deem this issue waived by the State because of its failure to raise it at trial and on appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE