IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## WILSON H. TUCKER v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9764    Jon Kerry Blackwood, Judge**

_____

**No. W2004-02969-CCA-R3-HC  - Filed August 24, 2005**

_____

The petitioner, Wilson H. Tucker, filed a petition for writ of habeas corpus in the Hardeman County Circuit Court.  The trial court summarily dismissed the petition, and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Wilson H. Tucker, Pro se.

Paul G. Summers, Attorney General and Reporter, and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record reflects that in 1988, the petitioner pled guilty to four counts of grand larceny, and the trial court sentenced him to consecutive sentences of three years on each count.  The trial court also ordered that the petitioner serve the sentences consecutively to prior sentences in Franklin and Grundy Counties.  The petitioner did not file a petition for post-conviction relief.  However, in 2004, he filed a petition for writ of habeas corpus, alleging that his guilty pleas were involuntarily entered because the trial court failed to inform him at the guilty plea hearing about his right against self-incrimination as required by Rule 11(c)(3), Tenn. R. Crim. P., and failed to inform him that his convictions could be used to enhance any sentences he received for future convictions as provided in State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977).  The habeas corpus court summarily denied the petition for writ of habeas corpus, and the petitioner appealed.

## II.  Analysis

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments.  Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)).  Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired.  Archer, 851 S.W.2d at 164.  The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).  A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void.  Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

As pointed out in the State's brief, in State v. Tansil, 72 S.W.3d 665, 667 (Tenn. Crim. App. 2001), a panel of this court stated,

> In State v. Neal, 810 S.W.2d 131, 134 (Tenn. 1991), the [Tennessee Supreme Court] stated that a failure to advise a defendant fully of the rights waived by a guilty plea "merely renders the related judgment voidable, not void."  In Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993), the court held that a conviction resulting from a guilty plea entered without a knowing and voluntary waiver of the right against self-incrimination was not open to attack through a habeas corpus proceeding because the lack of a proper waiver only rendered the conviction voidable, not void.  It noted that a post-conviction proceeding is the proper avenue for relief.  Id.

Therefore, the petitioner's claim would at best render his convictions and sentences voidable and not void.  Moreover, the petitioner pled guilty in 1988, and the petition in this case was not filed until 2004.  Thus, even if we were to consider the petition as a petition for post-conviction relief, it would be barred by the statute of limitations.[1]  See Tenn. Code Ann. § 40-30-102 (1986).

---

[1]We also note that "[t]o the extent [a] petitioner's claim is based upon the requirements for the taking of guilty pleas imposed by Mackey and Rule 11, Tenn. R. Crim. P., but not related to constitutional rights, it is not cognizable in a suit for post-conviction relief."  Matthew Melton Jackson v. State, No. M2004-01342-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 481, at *31 (Nashville, May 18, 2005), application for perm. to appeal filed, (June 3, 2005).

## III.  Conclusion

Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE