# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## January 15, 2013 Session

## STATE OF TENNESSEE v. JOSEPH R. BLEDSOE

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2011-CR-711     Michael R. Jones, Judge**

_____

**No. M2012-01224-CCA-R3-CD - Filed - March 11, 2013**

_____

The defendant, Joseph R. Bledsoe, appeals the Robertson County Circuit Court's order declaring him a Motor Vehicle Habitual Offender, claiming that the convictions used to support the designation were not valid. Discerning no error, we affirm.

**T.C.A. § 55-10-614(a); Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and PAUL G. SUMMERS, SR. J., joined.

H. Garth Click, Springfield, Tennessee, for the appellant, Joseph R. Bledsoe.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 19, 2011, the State filed a petition to have the defendant declared a Motor Vehicle Habitual Offender ("MVHO"). In support of the petition, the State listed three convictions originating in the Davidson County General Sessions Court: a 2008 conviction of driving under the influence ("DUI"), a 2008 conviction of leaving the scene of an accident with property damage, and a 2011 conviction of second offense DUI. In his answer to the State's petition, the defendant admitted garnering the three convictions but claimed that each was "void on its face as it is constitutionally invalid wherein it fails to show the [defendant] entered a knowing and voluntary plea." On May 11, 2012, the Robertson County Circuit Court entered an order declaring the defendant an MVHO and revoking his driving privileges for three years. *See* T.C.A. § 55-10-613 (2008). In lieu of

a transcript of the May 11, 2012 hearing on the State's petition, the defendant filed a statement of the evidence pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 24(c). This statement provides, in part: "The Trial Court held Rule 11 of the Tennessee Rules of Criminal Procedure did not apply to the general sessions courts and therefore no constitutional defects occurred in the [defendant's] judgment forms. The [t]rial [c]ourt ruled that the convictions were not void . . . ."

In this appeal, the defendant reiterates his claim that each of the qualifying convictions is "invalid by reason of constitutional infirmities and thus insufficient evidence to support" his being declared an MVHO. Citing *State v. Ridley*, 791 S.W.2d 32 (Tenn. Crim. App. 1990), the defendant asserts specifically that none of the judgments for the qualifying convictions shows that the defendant entered knowing and voluntary guilty pleas and each is thus "void on its face." The State contends that the defendant "is simply not correct in asserting that the failure of the judgments to state the full litany of rights addressed . . . implicates the facial validity of the conviction itself."

Proceedings under the Motor Vehicle Habitual Offenders Act are civil rather than criminal in nature, *see State v. Conley*, 639 S.W.2d 435, 437 (Tenn. 1982), but appellate jurisdiction lies with this court by virtue of Tennessee Code Annotated section 55-10-614, *see* T.C.A. § 55-10-614(a) ("The defendant may appeal to the court of criminal appeals any final action or judgment entered under this part, in the same manner and form as appeals in criminal matters are heard.").

In our view, the defendant's reliance on *Ridley* is misplaced. *Ridley* does not, as the defendant contends, stand for the proposition that a conviction will be deemed void on its face unless it expresses that a defendant's plea was knowingly and voluntarily entered. In *Ridley*, this court concluded that Ridley's conviction of reckless driving could not be used to support his being declared an MVHO because the warrant showed on its face that Ridley had not waived his constitutional rights to trial on an indictment or presentment or to trial by jury. *See State v. Ridley*, 791 S.W.2d 32, 33 (Tenn. Crim. App. 1990). We observed that these constitutional rights, like the right to counsel, must be waived in writing, and although the warrant provided spaces for Ridley to sign acknowledging a waiver of rights, he had not signed these. *Id.* We rejected evidence in the form of testimony of the general sessions court judge, noting that "[n]o amount of evidence will supply a signature when, all agree, none exists." *Id.* at 34. What we did not say was that to be facially valid a judgment must indicate on its face that the defendant has been informed of and waived the entire panoply of rights afforded to him at every stage of the criminal process and that he entered into his pleas knowingly and voluntarily. Indeed, our case law is to the contrary.

As indicated by the State, in *State v. Tansil*, this court rejected a claim that in

addition to the rights to counsel, grand jury review, trial on indictment or presentment, and to trial by jury, written waiver of the right to confrontation and privilege against self-incrimination must be recorded on the face of the judgment to render it valid. *See State v. Tansil*, 72 S.W.3d 665, 667 (Tenn. Crim. App. 2001). As we explained,

> The written waiver of the right to counsel is necessary for the facial validity of the judgment because the United States Supreme Court has held that in the context of using a prior conviction against a defendant to support guilt or enhanced punishment for another offense, a record of a conviction that does not show either the existence of counsel or the waiver of counsel is presumptively void. *See Burgett v. Texas*, 389 U.S. 109, 114-15 (1967). The express waivers of the defendant's rights to grand jury review, to indictment or presentment, and to trial by jury confer jurisdiction upon the general sessions court to dispose of the defendant's misdemeanor case. *See* T.C.A. § 40-1-109.

*Id.* Although waiver of the remaining rights is necessary to a voluntary and knowing guilty plea, *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969), their written waiver is not necessary to facially validate a judgment, *see Tansil*, 72 S.W.3d at 667.

Moreover, it is well established that a guilty plea entered unknowingly and involuntarily renders a judgment voidable rather than void. *See, e.g.*, *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993); *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992). The appropriate vehicle for attacking an unknowing and involuntary guilty plea is the Post-Conviction Procedure Act, *see Archer*, 851 S.W.2d at 163, and, contrary to the defendant's assertion, *Ridley* does nothing to alter this well-settled principle of law. Instead, *Ridley* reaffirms that "a void or voidable plea" may be attacked "by way of post-conviction proceedings." *Ridley*, 791 S.W.2d at 34.

Here, two of the judgments contain express, written waivers of the right to counsel, the right to grand jury review, the right to trial on indictment or presentment, and the right to trial by jury. The third, a counseled guilty plea, contains express, written waivers of the right to grand jury review, to trial on indictment or presentment, and the right to trial by jury. Thus, all three judgments contain all the information that is constitutionally and statutorily required to render them valid.

Accordingly, the order of the trial court declaring the defendant an MVHO is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE