**Ernest E. RAY, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 8, 1972.

Certiorari Denied by Supreme Court
Nov. 20, 1972.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

The petitioner Ray, indigent and represented here by court-appointed counsel, an inmate of the State Penitentiary where he is serving a first degree murder sentence of 30 years and one day adjudged in the Criminal Court of Hamilton County while represented by appointed counsel, has duly appealed to this Court from the judgment of that court dismissing his habeas corpus petition without an evidentiary hearing.

As we are authorized to do, we have looked to the record of Ray's original conviction, which was affirmed September 15, 1971 upon his appeal to this Court. State ex rel. Leighton v. Henderson, 1 Tenn.Cr. App. 598, 615, 448 S.W.2d 82; Canupp v. State, Tenn.Cr.App., 460 S.W.2d 382. This Court also denied Ray's petition to rehear and certiorari was denied by the Supreme Court of this State.

Ray's petition attacking his conviction was designated by him as a "Petition for the Writ of Habeas Corpus: See: T.C.A. 23–1801, and/or, Petition for Post Conviction Relief: T.C.A. 40–3801 et seq." The trial judge elected to consider and treat this petition as one for the writ of habeas corpus. One of the petitioner's Assignments of Error is that the trial court erred in so doing and in not considering the petition as one filed under the Post-Conviction Procedure Act. TCA § 40–3808 permits the trial court to treat a habeas corpus petition as one filed under the Post-Conviction Procedure Act, but does not require him to do so. There is no merit in this insistence, nor in the related contentions that the trial judge did not comply with various provisions of the Post-Conviction Procedure Act in processing and disposing of the petition.

William T. Roper, Chattanooga, for plaintiff in error.

Nor is there any substance in the second Assignment which alleges that the trial court erred in holding that the questions raised in the petition had previously been adjudicated.

In his habeas corpus petition Ray complains (1) that the trial court erroneously denied his motion for a severance and for a trial separate from his co-defendant, (2) that his warrantless arrest was illegal, (3) that incompetent evidence—including a knife and certain testimony and inculpatory pre-trial statements made by him and his co-defendant—were admitted in evidence and (4) that he was tried by an all-white jury.

■ The severance question was raised on his direct appeal to this Court and was decided adversely to his insistence. Moreover, as stated in this Court's opinion affirming this petitioner's conviction, a motion for a severance is addressed to the sound discretion of the trial judge. Cole v. State, Tenn.Cr.App., 475 S.W.2d 196; Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1. Furthermore, equally fundamental and determinative here, the law is settled that a trial court's exercise of judicial discretion may not be reviewed post conviction by habeas corpus. Janow v. State, Tenn.Cr. App., 470 S.W.2d 19; Wooten v. State, Tenn.Cr.App., 477 S.W.2d 767.

■ The question concerning the petitioner's initial arrest was also raised and decided in his direct appeal to this Court. The questions about the knife and the other evidentiary items complained about in this petition were also raised and considered and decided in his appeal. Moreover, the law is settled and is no longer debatable that habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence introduced at a petitioner's original trial. Myers v. State, Tenn.Cr.App., 462 S.W.2d 265; Carvin v. State, Tenn.Cr.App., 452 S.W.2d 681; Shepard v. Henderson, 1 Tenn.Cr.App. 694, 449 S.W.2d 726; State ex rel. Leighton v. Henderson, supra. Insufficiency of trial evidence and incompetency of witnesses are not matters reviewable by post-conviction proceedings. State ex rel. Leighton v. Henderson, supra.

■ As noted, all the foregoing questions raised by Ray in the instant petition were also raised and decided contrary to his views in his appeal to this Court. It is fundamental that habeas corpus and post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction. Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748, cert. den. 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612.

■ Finally, for the first time the petitioner raises the question in this petition that he was tried by a jury composed entirely of white people. Obviously, this bald assertion, without more, states no constitutional infirmity whatever in the petitioner's trial. It charges no purposeful and systematic exclusion of any group or class of people in the selection of the jury.

■ So, this petition, stating no ground for relief, was properly dismissed by the trial judge without an evidentiary hearing. Floyd v. State, Tenn.Cr.App., 453 S.W.2d 418; Guy v. State, Tenn.Cr.App., 470 S.W.2d 28. The judgment of the trial court is affirmed.

DWYER and O'BRIEN, JJ., concur.