IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH SESSION, 1995

FILED

September 20, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM A. RANSOM, )
)
    Appellant, )    No. 01C01-9410-CR-00361
)
)  Davidson County
v. )
)  Hon. Ann Lacy Johns, Judge
)
STATE OF TENNESSEE, )  (Writ of Habeas Corpus)
)
    Appellee. )

## CONCURRING OPINION

I concur in Judge Hayes' opinion, but I feel compelled to explain why it was appropriate for the trial court not to treat the petition as one seeking post-conviction relief. Judge Hayes cites Ray v. State, 489 S.W.2d 849, 850 (Tenn. Crim. App.), cert. denied (Tenn. 1972), for the proposition that a trial court is not required to treat a habeas corpus petition as a post-conviction petition, but may do so in its discretion. See T.C.A. § 40-30-108 (1990), amended by 1995 Tenn. Pub. Acts, ch. 207 § 1 (to be codified at T.C.A. § 40-30-105(c) for actions filed on or after May 10, 1995). This does not mean that a trial court is entitled to refuse to treat an invalid habeas corpus petition as a post-conviction petition so as to defeat a valid post-conviction claim. There must be a material or substantial basis to support the trial court's decision.

In this case, the petitioner's post-conviction case seeking to attack his habitual criminal sentence by attacking his underlying convictions has been held in abeyance pursuant to State v. Prince, 781 S.W.2d 846, 852 (Tenn. 1989), in order for him to file separate petitions to attack each of his prior convictions. None of those prior convictions, only his habitual criminal one, occurred in Davidson County. Thus, the

trial court would have no jurisdiction to entertain this petition as one seeking post-conviction relief for his previous convictions. T.C.A. § 40-30-103(a) (Supp.1994), amended by 1995 Tenn. Pub. Acts ch. 207 § 1 (to be codified at T.C.A. § 40-30-104(a)).

_____      _____
                                           Joseph M. Tipton, Judge