IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 6, 2022

**LACEY JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 03-02148        Chris Craft, Judge**

_____

**No. W2021-00355-CCA-R3-HC**

_____

The Petitioner, Lacey Jones, appeals the Shelby County Criminal Court's summary dismissal of his pro se petition for habeas corpus relief from his convictions for especially aggravated kidnapping, aggravated burglary, and aggravated robbery. On appeal, the Petitioner argues that his convictions are void and his sentence is illegal due to various errors made at trial and sentencing, including violations under Brady v. Maryland, 373 U.S. 83 (1963), evidentiary errors, improper sentencing, and ineffective assistance of counsel. Upon review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which J. ROSS DYER., and JILL BARTEE AYERS, JJ., joined.

Lacey Jones, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted of four counts of especially aggravated kidnapping, one count of aggravated burglary, and two counts of aggravated robbery in the Shelby County Criminal Court. State v. Jones, No. W2004-01628-CCA-R3-CD, 2005 WL 1848476, at *1 (Tenn. Crim. App. Aug. 4, 2005), perm. app. denied (Tenn. Dec. 19, 2005).

On April 27, 2004, the trial court entered judgments merging the aggravated robbery and especially aggravated kidnapping convictions and ordered concurrent sentences of thirty-five years for each of the four counts. Id. After finding that the Petitioner was a "dangerous offender" under Tennessee Code Annotated section 40-35-115(b)(4), the trial court ordered the seven-year sentence for the Petitioner's aggravated burglary conviction to be served consecutively to his thirty-five year sentence, for an effective sentence of forty-two years. Id.; see Tenn. Code Ann. § 40-35-115(b) (A court may order a defendant's sentences to run consecutively if it finds the existence of criteria enumerated in this section by a preponderance of the evidence, such as a finding that the defendant is a "dangerous offender."). The judgment sheets also noted that the Petitioner had 589 days of pretrial jail credit.

Prior to filing his petition for writ of habeas corpus, the Petitioner filed a direct appeal, arguing that (1) his convictions violated principles of due process, (2) the trial court erred by merging his convictions, and (3) the trial court erred by ordering consecutive sentencing. Id. On appeal, this Court affirmed the judgments of the trial court. Id. at *6. The Petitioner then filed a petition for post-conviction relief, alleging that his trial counsel was ineffective. Jones v. State, No. W2013-00483-CCA-R3-PC, 2014 WL 1494135, at *1 (Tenn. Crim. App. April 15, 2014). After a hearing, the post-conviction court dismissed the petition, and this Court affirmed the dismissal on appeal. Id. at *8.

On March 23, 2021, the Petitioner filed a pro se petition for writ of habeas corpus in the Shelby County Criminal Court while incarcerated in Clifton, Tennessee. The Petitioner argued his convictions were void and his sentence was illegal because (1) the State failed to disclose material evidence, (2) the trial court abused its discretion by denying his request for a continuance to allow him to hire private counsel, (3) there was a "fatal variance" between the proof at trial and the allegations in the indictment, (4) the trial court lacked jurisdiction to enter a judgment against him for the aggravated kidnapping and aggravated robbery charges because the element of serious bodily injury was not proven, (5) the trial court improperly admitted evidence without proof establishing the chain of custody for that evidence, (6) the trial court improperly enhanced his sentence based on prior convictions that are void, and (7) he received ineffective assistance of counsel. The habeas court summarized these claims as "various grounds involving alleged errors at trial, none of which would show that the judgments were void." It then dismissed the petition, stating:

> This petitioner's convictions appear to be proper from the technical record, and have not expired. Because the petitioner has failed to show that the trial court was without jurisdiction to impose the challenged sentence, or that he is presently held on an expired sentence, he is not entitled to habeas corpus relief.

The habeas court also examined the petition as a motion to reopen the petition for post-conviction relief under Tennessee Code Annotated section 40-30-217, even though the Petitioner did not explicitly move to reopen the petition. The court determined that "none of the prerequisites for allowing the reopening of a petition, contained in . . . [the] statute, are alleged in the present filing, and that if treated as a petition to reopen it should therefore also be dismissed without a hearing." The Petitioner filed a timely notice of appeal on April 6, 2021.

## ANALYSIS

The Petitioner argues his convictions are void and his sentence is illegal due to various trial errors, including Brady violations, various evidentiary errors, improper sentencing, and a denial of effective assistance of counsel. The State argues the trial court's summary dismissal of the Petitioner's petition for writ of habeas corpus was proper because the Petitioner (1) failed to file the petition in the most convenient court as required by Tennessee Code Annotated section 29-21-105 and (2) failed to allege any cognizable habeas claims. We agree with the State that the dismissal was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face

of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

- 4 -

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

We will first address the State's contention that the Petitioner failed to follow the mandatory procedural requirement of section 29-21-105 by improperly filing his petition in the convicting court, the Shelby County Criminal Court, rather than the court nearest to his place of incarceration, Clifton, Tennessee. Despite the State's claim that the Petitioner failed to "allege any reason for filing the petition in the court of conviction rather the court closest to his place of confinement," the Petitioner's petition clearly states that the jurisdiction of the Shelby County Criminal Court is properly invoked because the court "possesses relevant records relating to Petitioner's sentence," and it "retains authority to address his petition under [Tennessee Code Annotated section] 29-21-105."[1] The Petitioner identified these grounds as a "sufficient reason for filing his petition in the Shelby County Criminal Court." Because the Petitioner has provided a reason for filing in the convicting court rather than the court closest to his place of incarceration, "the petition may be dismissed pursuant to [section 29-21-105] only if the stated reason is insufficient." Davis, 261 S.W.3d at 20-21.

This Court has previously held that "when a habeas corpus petitioner asserts that his sentence is illegal, the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at any time is a sufficient reason under Tennessee Code Annotated section 29-21-105for the petitioner to file in the convicting court rather than the court closest in point of distance." Davis, 261 S.W.3d at 22 (citing State v. Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. Oct. 13, 2000)). Here, the Petitioner alleged that his sentence was illegal and reasoned that his filing in the convicting court was proper because it retained both relevant records and the

---

[1]We note that there is a page missing from the Petitioner's petition for writ of habeas corpus in the technical record. The document skips from page 1 to page 3, so we are unable to see the Petitioner's complete explanation on this point. Thus, our analysis is limited to what is available in the record. We also note that the order of pages 5 and 6 are switched in the record.

authority to address his petition. Accordingly, the Petitioner has provided a sufficient reason for filing with the convicting court rather than a court closer to his place of incarceration and has met the mandatory requirement of section 29-21-105.

Despite the Petitioner's adherence to the procedural requirement set forth in section 29-21-105, we conclude the habeas court properly dismissed the petition in this case because the Petitioner failed to state a cognizable claim for habeas corpus relief. First, the Petitioner alleges his convictions are void because the State failed to disclose material evidence under Brady v. Maryland, 373 U.S. 83 (1963). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In order to establish a Brady violation, a defendant must show that he or she requested the information, the State suppressed the information, the information was favorable to his or her defense, and the information was material. State v. Edgin, 902 S.W.2d 387, 389 (Tenn. 1995). Evidence is "material" only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. United States v. Bagley, 473 U.S. 667, 682 (1995). The burden of proving a Brady violation rests with the defendant, and the violation must be proven by a preponderance of the evidence. Edgin, 902 S.W.2d at 389.

In his brief, the Petitioner identifies an extensive list of records and documents that he claims the State failed to disclose in violation of Brady. He generally claims the information contained in these records would have been "vital . . . to rebut or properly cross-exam [the] State's witness testimony" concerning the charges against him and that "there is a reasonable probability that, had such evidence been disclose[d,] the results of the proceeding would have been different." Despite these claims, the Petitioner has provided nothing in the record that would allow this Court to make a determination that a Brady violation has occurred. Because his claims are unsupported by the record, the Petitioner has failed to carry his burden of proving a Brady violation by a preponderance of the evidence.

Even if the Petitioner had provided enough information for this Court to make a determination that a Brady violation occurred, such a finding would have required "proof beyond the face of the record or judgment," resulting in a voidable judgment only. Summers, 212 S.W.3d at 256. The writ of habeas corpus is limited to void judgments, and the Petitioner has thus failed to state a cognizable claim for habeas corpus relief. Archer, 851 S.W.2d at 164; see also Gilmore v. Locke, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. March 30, 2006) (holding that "[a] determination of whether a Brady violation occurred in the petitioner's trial cannot be made

- 6 -

by an examination of the face of the judgment or record," and thus, habeas corpus relief was not appropriate).

The Petitioner also raises claims of various evidentiary errors. By asserting that there was "fatal variance" between the proof at trial and the allegations in the indictments, that the trial court lacked authority to enter judgments for two of the offenses because an essential element was not proven, and that the court improperly admitted evidence without proof establishing a chain of custody, the Petitioner seeks to review and question the sufficiency of the evidence presented at his trial. "[T]he law is settled and is no longer debatable that habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence introduced at a petitioner's original trial." Ray v. State, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1972) (citing Meyers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970)). Thus, the Petitioner is not entitled to habeas relief on any of these claims.

Next, the Petitioner argues his sentence is illegal because the prior convictions used to enhance his sentence are void. Specifically, he claims the pleas which resulted in his prior convictions in 1992 must be withdrawn because he did not enter them knowingly. The trial court in the instant case used the Petitioner's prior convictions to classify him as a "dangerous offender" under Tennessee Code Annotated section 40-35-115(b) and impose consecutive sentences for his aggravated kidnapping and aggravated burglary convictions, resulting in his forty-two year sentence. Jones, 2005 WL 1848476, at *6; see Tenn. Code Ann. § 40-35-115(b)(4) (permitting consecutive sentencing if the court finds the defendant is a "dangerous offender"). Again, this is not a claim warranting habeas corpus relief. See Edwards v. State, 269 S.W.3d 915, 924 (Tenn.2008) ("Simply stated, habeas corpus relief is not available to correct errors or irregularities in offender classification."); Jackie F. Curry v. Howard Carlton, Warden, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *4 (Tenn. Crim. App. Oct. 6, 2011) ("[A] challenge to a defendant's offender classification is not a cognizable claim for habeas corpus relief as it would render the judgment, at most, voidable and not void.").

Finally, the Petitioner claims he received ineffective assistance of counsel at trial and that the trial court abused its discretion by denying his request for a continuance to allow him time to hire private counsel, which is, in effect, a claim that he was denied effective assistance of counsel. It is well-settled that these are not cognizable claims for habeas corpus review. See Lowe v. Fortner, No. E2011-00048-CCA-R3-HC2012, 2012 WL 1080274, at *3 (Tenn. Crim. App. March 30, 2012) (citing Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) ("Claims of ineffective assistance of counsel . . . are inappropriate for habeas corpus review.")). We also note that the Petitioner raised this issue in his petition for post-conviction relief, which was denied. Jones, 2014 WL 1494135, at *1.

As a final matter, we note that, after determining that the Petitioner failed to allege any cognizable habeas claims, the court examined the petition as a motion to reopen his post-conviction petition. The Petitioner did not explicitly move to reopen the petition for post-conviction relief, but the habeas court interpreted the petition as a motion to reopen based on the Petitioner's claim of ineffective assistance of counsel, which was previously alleged in the post-conviction petition. The habeas court properly determined that "none of the prerequisites for allowing the reopening of a petition . . . [we]re alleged in the present filing" and denied relief. Tenn. Code Ann. § 40-30-217(a).

Upon review, the Petitioner has not provided any cognizable claims establishing that the trial court's judgment is void or that his forty-two year sentence has expired. Accordingly, the habeas corpus court's summary dismissal of the petition for habeas corpus relief was proper.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE