IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 19, 2022

**DAN E. DURELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 119681  Steven Wayne Sword, Judge**

————————————————————

**No. E2021-01238-CCA-R3-HC**

————————————————————

The Petitioner, Dan E. Durell, acting pro se, appeals the Knox County Criminal Court's summary dismissal of his second petition for habeas corpus relief.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Dan E. Durell, Washington, D.C., Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Charme P. Allen, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In June 1988, the Petitioner pled guilty in the Knox County Criminal Court to armed robbery and burglary and was sentenced as a Range II, especially aggravated offender to concurrent sentences of life imprisonment and ten years, respectively.  See Dan E. Durell v. State, No. E2019-01393-CCA-R3-HC, 2020 WL 2612028, at *1 (Tenn. Crim. App. May 22, 2020) (citing State v. Daniel Durrell, No. 1213, 1989 WL 75727 (Tenn. Crim. App. July 11, 1989), perm. to appeal denied (Tenn. Jan. 14, 2021).  The trial court ordered his "concurrent sentences in this case [to] be served consecutively to the sentence imposed . . . by the Circuit Court for the Sixth Judicial Circuit of Florida."  Daniel Durrell, No. 1213, 1989 WL 75727, at *5.  On May 22, 2020, the Petitioner filed a petition for writ of habeas corpus in the Knox County Criminal Court arguing that the State had violated Brady v. Maryland, 373 U.S. 83 (1963), that his convictions violated double jeopardy, and that the trial court relied upon "'improper, inaccurate, and mistaken information'" during sentencing.  Dan E. Durell, No. E2019-01393-CCA-R3-HC, 2020 WL 2612028, at *1.  The

habeas corpus court summarily dismissed the petition for failure to comply with the procedural requirements of attaching copies of the original judgments to the petition and failing to state a colorable claim. Id. The Petitioner appealed the dismissal, and this court affirmed the dismissal on appeal. Id. at *2.

Subsequently, on September 10, 2021, the Petitioner filed the instant petition for writ of habeas corpus. The Petitioner again argued that the State had violated Brady by failing to supply him with the trial transcripts from the federal and Florida cases that were based upon the same criminal offenses as his Tennessee convictions and that the trial court relied on misinformation presented by the State during the sentencing hearing. The Petitioner appeared to have abandoned his double jeopardy claim. The Petitioner requested the habeas corpus court to set aside the Petitioner's sentences; resentence the Petitioner as a Range I, standard offender; and order the Range I sentences to be served concurrently to the thirty-five-year federal sentence he received.

In an affidavit accompanying the petition, the Petitioner averred that he was "in the custody of the State of Tennessee, but housed in a federal protective custody unit for his own safety and security." The Petitioner asserted that due to being housed in the federal protective custody unit, he was "unable to follow [the statutory] place of application for writ requirements." The Petitioner maintained that he was being "illegally restrained" by his Tennessee sentences. The Petitioner stated that he had been unaware that he was required to attach copies of his original judgments to his petition but that after obtaining a copy of Tennessee Code Annotated section 29-21-107, he was attaching copies of pages 84 and 85 of the sentencing hearing transcript and page 162 of the minute book. The Petitioner did not explain why he was unable to attach copies of the original judgments.

On September 15, 2021, the habeas corpus court dismissed the petition, finding that the Petitioner is not currently in the custody of the State of Tennessee; the Petitioner failed to attach copies of the original judgments, as required by law; and the Petitioner failed to file his petition in the trial court closest to him as required by law. The habeas corpus court further concluded that the Petitioner failed to allege that he is being illegally restrained. It is from this ruling that the Petitioner appeals.

## ANALYSIS

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const.

art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the Petitioner's filings that no cognizable claim has been stated and that the Petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

The habeas corpus court concluded that the Petitioner failed to comply with the procedural requirements for habeas corpus relief. The habeas corpus court found that the Petitioner failed to establish that he was currently in the custody of the State of Tennessee, that he failed to file his petition with the trial court closest to him as statutorily required, and failed to allege that he is illegally restrained. We acknowledge that the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed.

- 3 -

Id. at 259. However, in the affidavit attached to his petition, the Petitioner stated that while he is currently housed in a federal protective custody unit, he is nevertheless in the custody of the State of Tennessee. The Petitioner also alleged that he is illegally restrained. He further stated that due to being federally housed, he is unable to file with the trial court closest to him. Because the Petitioner has provided a reason for filing in the convicting court rather than the court closest to his place of incarceration, "the petition may be dismissed pursuant to [section 29-21-105] only if the stated reason is insufficient." Davis, 261 S.W.3d at 20-21. This court has explained that when "a person in another state . . . is attacking a Tennessee judgment of conviction as being void, the most fitting forum would normally be the county in which the conviction was received." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998). Therefore, we question the habeas corpus court's decision to dismiss the petition on these grounds.

The habeas corpus court also found that the Petitioner failed to attach copies of the original judgments to the petition. The Petitioner acknowledged this failure. A petitioner's pro se status does not excuse his procedural deficiencies within the context of habeas corpus relief. See Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners). This court has upheld the summary dismissal of a writ for habeas corpus for failure to include the relevant judgments of conviction in the petition. See, e.g., Timothy L. Jefferson v. Russell Washburn, Warden, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *3 (Tenn. Crim. App. Oct. 8, 2020); Shawn Christopher Sales v. Shawn Phillips, Warden, No. E2015-01746-CCA-R3-HC, 2016 WL 1366669, at *5 (Tenn. Crim. App. Apr. 4, 2016). Accordingly, the Petitioner has failed to comply with the procedural requirements requiring he attach the judgments of conviction, and the habeas corpus court did not err in summarily dismissing the petition.

Notwithstanding the petition's procedural defect, the dismissal of the petition was also proper because the Petitioner failed to allege a cognizable claim for habeas corpus relief. First, the Petitioner alleges his sentences are void because the State failed to disclose evidence that was material to his sentencing hearing under Brady v. Maryland, 373 U.S. 83 (1963). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In order to establish a Brady violation, a defendant must show that he or she requested the information, the State suppressed the information, the information was favorable to his or her defense, and the information was material. State v. Edgin, 902 S.W.2d 387, 389 (Tenn. 1995). Evidence is "material" only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. United States v. Bagley, 473 U.S. 667, 682 (1995). The burden of proving a Brady

- 4 -

violation rests with the defendant, and the violation must be proven by a preponderance of the evidence. Edgin, 902 S.W.2d at 389.

For this Court to make a determination that a Brady violation occurred requires "proof beyond the face of the record or judgment," resulting in a voidable judgment only. Summers, 212 S.W.3d at 256. The writ of habeas corpus is limited to void judgments, and the Petitioner has thus failed to state a cognizable claim for habeas corpus relief. Archer, 851 S.W.2d at 164; see also Gilmore v. Locke, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. March 30, 2006) (holding that "[a] determination of whether a Brady violation occurred in the petitioner's trial cannot be made by an examination of the face of the judgment or record," and thus, habeas corpus relief was not appropriate).

The Petitioner also contends that the State made several misrepresentations of evidence upon which the trial court relied during the sentencing hearing. "[T]he law is settled and is no longer debatable that habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence introduced at a petitioner's original trial." Ray v. State, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1972) (citing Meyers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970)). Thus, the Petitioner is not entitled to habeas relief on this claim. We conclude that the habeas corpus court's dismissal of the habeas corpus petition was proper.

We note that in its appellate brief, the State contended, albeit incorrectly, that the Petitioner raised an issue regarding double jeopardy in the instant habeas corpus petition and original appellate brief. In his original brief, the Petitioner specifically states that he "does not contest his conviction[s]." However, in his reply brief, the Petitioner appears to argue that his convictions violated double jeopardy because he was convicted in federal court, in Florida, and in Tennessee for the same criminal conduct. The Petitioner has waived this issue because he failed to raise it in his petition for writ of habeas corpus. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); James Leon Parker v. David R. Sexton, Warden, No. E2011-01472-CCA-R3-HC, 2012 WL 32116, at *4 (Tenn. Crim. App. Jan. 6, 2012) (concluding that the petitioner waived an issue on appeal by failing to raise it in his petition for habeas corpus relief); Bobby Lee v. Stephen Dotson, Warden, No. W2007-02584-CCA-R3-HC, 2009 WL 482532, at *2 (Tenn. Crim. App. Feb. 24, 2009) (holding that "[i]ssues that were not presented to the habeas court will not be considered for the first time on appeal."). Moreover, even if true, the Petitioner's claim would not entitle him to habeas corpus relief because it would require "proof beyond the face of the record or judgment," resulting in a voidable judgment only. Summers, 212 S.W.3d at 255-56 (the writ of habeas corpus is limited to void judgments); see also Tiffany Davis v. Brenda Jones, Warden, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App.

July 30, 2014) ("a violation of principles of double jeopardy does not render a conviction void, and, accordingly, occasions no cause for habeas corpus relief").

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE