IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 2, 2024

**JAMES LEE MCCLAIN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-22-146    Kyle C. Atkins, Judge**

———————————

**No. W2023-01118-CCA-R3-PC**

———————————

The Petitioner, James Lee McClain, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief challenging his convictions for aggravated assault and witness coercion. The Petitioner argues he received the ineffective assistance of both pretrial and appellate counsel. Specifically, he contends both attorneys who represented him during the pretrial stage were ineffective by failing to discuss discovery materials and case strategy with him, failing to adequately prepare for trial, and failing to file "critical" motions, resulting in the Petitioner's having to represent himself at trial. Additionally, he argues appellate counsel was ineffective by failing to include sufficiency of the evidence and severance issues in his direct appeal. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TOM GREENHOLTZ, JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, James Lee McClain.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.      FACTUAL AND PROCEDURAL HISTORY**

### A. Pretrial, Trial, and Direct Appeal Proceedings

On the evening of November 7, 2018, the Petitioner and the victim, Shelly Hayes, were together at The Office Lounge, a bar and grill in Jackson, Tennessee, despite the Petitioner's being on bond and subject to a no-contact order in Rutherford County for a previous domestic violence incident involving the victim. *State v. McClain*, No. W2019-01217-CCA-R3-CD, 2021 WL 3828380, at *6-9 (Tenn. Crim. App. Aug. 26, 2021), *perm. app. denied* (Tenn. Dec. 8, 2021). After concluding their evening and while walking to their vehicle, the Petitioner began threatening to beat the victim once the two returned home. *Id.* at *9. The victim ran from the vehicle, was pursued by the Petitioner, and when she reached The Office Lounge's entrance, the Petitioner repeatedly "slammed" her head between the door and doorframe, lacerating her scalp down to her skull. *Id.* In the days leading up to the incident at The Office Lounge, the Petitioner had threatened and intimidated the victim into writing, signing, and having notarized a letter recanting the allegations she had previously made against him related to the incident that had occurred in Rutherford County. *Id.* at *1, 6-9. However, still fearing the Petitioner's threats, the victim wrote and had notarized another letter recanting her statements pertaining to the Office Lounge incident, though she later recanted the contents of that letter. *Id.* at *6, 9. The Petitioner was indicted by a Madison County grand jury with alternative counts of aggravated assault based upon the incident at the Office Lounge and one count of witness coercion based upon the Petitioner's forcing the victim to recant the allegations in Rutherford County. *Id.* at * 1.

The Petitioner was appointed counsel ("first pretrial counsel") but soon requested first pretrial counsel be relieved from representation. *McClain*, 2021 WL 3828380, at *1. He alleged that first pretrial counsel provided "ineffective assistance" by "withholding critical evidence," which created a conflict of interest. *Id.* The Petitioner further complained that first pretrial counsel had not filed any motions, presented a defense strategy, or adequately communicated with him. *Id.* In addition, certain evidence suggested the Petitioner had filed a lawsuit against first pretrial counsel. *Id.* at *2 n.2. First pretrial counsel was relieved of representation, and second pretrial counsel was appointed on June 11, 2019, just weeks before the Petitioner's trial was set to begin. *Id.* at *2.

On June 27, 2019, the day of trial, second pretrial counsel moved the court to withdraw from representation, and the Petitioner requested to proceed pro se. *McClain*, 2021 WL 3828380, at *2. The trial court found that the Petitioner knowingly and voluntarily waived his right to counsel and allowed the Petitioner to proceed pro se with the assistance of second pretrial counsel as elbow counsel. *Id.* at *3. While addressing the Petitioner's pro se pleadings, second pretrial counsel informed the trial court that the

Petitioner was threatening to sue him, and while he would assist the Petitioner in trying his case, he would not "be harassed and threatened all day." *Id.* The Petitioner claimed second pretrial counsel was acting prejudicially and biased towards him due to the Petitioner's filing a complaint against second pretrial counsel with the Board of Professional Responsibility. *Id.* at *3-4. After a lengthy discussion with the trial court, the Petitioner accused second pretrial counsel of being "in conspiracy" with the State. *Id.* at *5. Based upon this discussion, the trial court relieved second pretrial counsel as elbow counsel. *Id.*

The trial court gave the Petitioner the option of proceeding pro se without elbow counsel or appointing new counsel and continuing the case. *McClain*, 2021 WL 3828380 at *5. While the trial court repeatedly and thoroughly cautioned the Petitioner against self-representation, the Petitioner said, "Let's proceed today." *Id.* The jury found the Petitioner guilty as charged, and at sentencing, the trial court imposed an effective sentence of fifteen years. *Id.* at *12.

The Petitioner was appointed appellate counsel, who appealed his convictions and sentence by arguing that the trial court erred by permitting him to proceed pro se, by permitting the case to proceed on an improperly amended indictment, and by imposing consecutive sentences. *McClain*, 2021 WL 3828380, at *12. This court affirmed his convictions and sentence. *Id.* at *17.

## B. Post-Conviction Proceedings

The Petitioner filed a timely pro se petition for post-conviction relief alleging he received the ineffective assistance of pretrial and appellate counsel. Though the post-conviction court appointed counsel, the record on appeal does not contain either an amended petition or a written notice that no amendment would be filed. *See* Tenn. Code Ann. § 40-30-107(b)(2). However, the matter proceeded to a hearing without objection.

At the post-conviction hearing, the Petitioner testified regarding first pretrial counsel's representation. He alleged the two reviewed only the indictment and a "distorted" video, which the Petitioner wanted to discuss further. He acknowledged that first pretrial counsel had filed a motion to sever the charges and had informed the Petitioner the motion was granted. However, the Petitioner then asserted that after he informed the trial court he was absent during the hearing on the motion, the trial court "recanted" its granting of the motion and ultimately denied it. First pretrial counsel just "sat there[,]" "didn't say anything[,]" and took no further steps to sever the charges. The Petitioner wanted first pretrial counsel relieved because "he seemed like he was working for the State."

As to second pretrial counsel, who did not testify at the hearing, the Petitioner stated the two only met once to discuss the Petitioner's case. The Petitioner alleged that second pretrial counsel informed him that he would not have time to adequately prepare for trial since he was only appointed shortly before trial. The Petitioner wanted to be represented by second pretrial counsel and requested second pretrial counsel move for a continuance to have time to prepare, but a motion requesting a continuance was never filed. The Petitioner further claimed that the two never reviewed the discovery materials together or discussed strategy for dismissing the indictment. However, the Petitioner later acknowledged that he and second pretrial counsel had "numerous" conversations about his case regarding strategy and discussed the Petitioner's position on the case.

The Petitioner denied ever threatening second pretrial counsel on the day of trial and maintained that he objected to the trial court's removing second pretrial counsel from representation. He first stated that he did not recall saying "let's proceed" to the trial court's offer to continue the case and appoint a new attorney, but he then stated that by saying "let's proceed," he believed he was proceeding with second pretrial counsel as his attorney. The Petitioner then insisted that second pretrial counsel had lied to the trial court regarding having a conversation with the Petitioner about the Petitioner's representing himself at trial. The Petitioner argued he was left having no other option but to represent himself at trial. He stated that if he had been represented by counsel, the outcome of the trial would have been different.

First pretrial counsel testified that, while he remembered the Petitioner's case, he could not remember the details of his representation. He affirmed that it was his standard practice to review discovery materials with his clients and that he had done so in the Petitioner's case. First pretrial counsel did not recall filing a motion to sever, but if one were filed, he could not recall whether any such motion was granted. He testified he and the Petitioner "couldn't get along[,]" which led to his being relieved from representation.

Appellate counsel testified concerning his representation of the Petitioner on direct appeal. Appellate counsel testified that he met with the Petitioner on "several occasions" and consulted with the Petitioner "ad nauseam" regarding which issues to raise on appeal. After reviewing the record, he concluded the three arguments raised on direct appeal were the only meritorious issues worth pursuing. He prepared an appellate brief on the issues and presented them at oral argument. After this court affirmed the trial court's judgments, appellate counsel sought permission to appeal to the Tennessee Supreme Court, which was ultimately denied. Appellate counsel stated he was "limited" as to what issues were

- 4 -

available to pursue on appeal due to the Petitioner's own representation at trial and that it put them "in a tough spot."

The post-conviction court denied relief and orally found that the Petitioner failed to meet his burden, that no deficiency was shown because the Petitioner represented himself, and that no proof of prejudice was shown. The post-conviction court memorialized these findings in a written order, and the Petitioner appealed to this court. Following our remand to the post-conviction court for an order in compliance with Tennessee Code Annotated section 40-30-111(b), the post-conviction court entered an amended written order on August 8, 2024, denying the Petitioner relief. The post-conviction court found that the Petitioner failed to present proof as to how the alleged errors of first pretrial counsel fell below the standard of reasonableness for an attorney. The post-conviction court found that the Petitioner testified to reviewing the indictment and a video with first pretrial counsel. It accredited first pretrial counsel's testimony as to the allegations and found no proof was presented as to prejudice.

As to second pretrial counsel, the post-conviction court stated that the Petitioner had testified to meeting with second pretrial counsel and the two discussing case strategy. It found that second pretrial counsel was prepared the day of trial and withdrew only at the Petitioner's request. While second pretrial counsel was subsequently serving as elbow counsel, the Petitioner informed the trial court that he had filed a complaint against second pretrial counsel with the Board of Professional Responsibility, which contributed to the removal of second pretrial counsel as elbow counsel. At this time, the Petitioner repeatedly refused the trial court's offers to continue the case and appoint new counsel. The post-conviction court found that the Petitioner had failed to present any proof as to his claims of second pretrial counsel's deficiencies or as to any resulting prejudice.

Regarding appellate counsel, the post-conviction court accredited appellate counsel's testimony as to assessing the Petitioner's case and formulating the issues thought strongest for appeal. It found that appellate counsel presented these issues to the court on appeal and at oral argument. The post-conviction court found that the Petitioner had failed to present proof of appellate counsel's deficiencies or that, absent these alleged errors, the outcome of his case would have been different.

This appeal is now properly before us for review.

## II.  ANALYSIS

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove allegations of fact by clear and convincing evidence. *Id.* § -110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "[Q]uestions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Id.* Because they relate to mixed questions of law and fact, the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial are reviewed under a de novo standard with no presumption of correctness. *Id.* at 457.

Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. U.S. Const. amend. VI; Tenn. Const. art. I, § 9; *see Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980); *Dellinger*, 279 S.W.3d at 293. When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). The *Strickland* standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness[,]" and reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 688-89. When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. *Rhoden v. State*, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize,

however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (first citing *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982); then citing *United States v. Decoster*, 487 F.2d 1197, 1201 (D.C. Cir. 1973)).

As to the prejudice prong, the petitioner must establish "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different[.]" *Vaughn v. State*, 202 S.W.3d 106, 119 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "That is, the petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008) (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

A.    Pretrial Counsels

The Petitioner argues that first and second pretrial counsel both rendered ineffective assistance during the pretrial stages of his case. While the Petitioner presents specific contentions against each, which we will address below, he generally argues that the collective failure of these attorneys to discuss discovery materials or case strategy with him, to adequately prepare for trial, and to file "critical" motions forced him to proceed pro se at trial, which led to his being convicted on all charges. The State responds that the post-conviction court did not err by denying relief because the Petitioner failed to meet his burden of establishing both deficient performance and resulting prejudice.

Turning to the Petitioner's specific allegations, the Petitioner alleges that first pretrial counsel was ineffective by reviewing only "some" of the discovery materials with him. However, first pretrial counsel testified it was his standard practice to review discovery materials with his clients and that he did so with the Petitioner. The post-conviction court accredited first pretrial counsel's testimony and found that the Petitioner acknowledged reviewing the indictment and a video recording with first pretrial counsel. At the post-conviction hearing, the Petitioner did not point to any additional materials that first pretrial counsel failed to review with him. *See, e.g.*, *Henderson v. State*, No. W2022-01081-CCA-R3-PC, 2023 WL 4105072, at *4 (Tenn. Crim. App. June 21, 2023) (holding the petitioner's vague claims that trial counsel was ineffective for failing to discuss discovery materials with him were insufficient to show he was entitled to post-conviction relief), *perm. app. denied* (Tenn. Oct. 13, 2023).

- 7 -

As to the Petitioner's contention that first pretrial counsel failed to file "critical" motions, the only testimony elicited from first pretrial counsel concerned a motion to sever. First pretrial counsel stated he could not recall whether a motion to sever was ever filed or any outcome pertaining to such motion. Moreover, the Petitioner testified that first pretrial counsel had filed a motion to sever but that it was ultimately denied. Additionally, the Petitioner did not specify any additional "critical" motions first pretrial counsel should have filed. *See Richardson v. State*, No. W2021-00981-CCA-R3-PC, 2022 WL 4494164, at *7 (Tenn. Crim. App. Sept. 28, 2022) (finding the petitioner's general claim that trial counsel failed to file "pretrial motions" insufficient to show deficiency or prejudice).

As to second pretrial counsel, the Petitioner alleges that the two never discussed dismissing the indictment and that second pretrial counsel failed to request a continuance despite his being unprepared for trial. However, the Petitioner failed to articulate what alleged errors the indictment contained that may have warranted its dismissal. *See Shaw v. State*, No. W2013-00173-CCA-R3-PC, 2014 WL 260781, at *3 (Tenn. Crim. App. Jan. 22, 2014) (affirming the post-conviction court's denying the petitioner relief on an ineffective assistance of counsel claim because, inter alia, he failed to show any grounds for dismissing the indictment). Further, we note that on direct appeal the Petitioner challenged the trial court's permitting the State to proceed on an amended indictment, a decision this court affirmed, finding that the indictment was not amended other than to correct a clerical error of the cover page and that it provided constitutionally sufficient notice. *See McClain*, 2021 WL 3828380, at *15-16; *see Ray v. State*, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1972) (providing that post-conviction proceedings may not be used to raise or relitigate issues disposed of on direct appeal).

Regardless, the post-conviction court found that the Petitioner testified to discussing the case and different strategies with second pretrial counsel. It further found that the record indicated second pretrial counsel was prepared the day of trial and only withdrew because of a breakdown in the client-attorney relationship. Moreover, when the trial court offered the Petitioner multiple opportunities to continue the case, he refused.

Relative to both first and second pretrial counsel, the record does not preponderate against the post-conviction court's factual findings and credibility determinations. *See Fields*, 40 S.W.3d at 456. Additionally, we agree with the post-conviction court that the Petitioner failed to present any evidence beyond his own testimony supporting his claims. *See* Tenn. Code Ann. § 40-30-110(f); *see Dellinger*, 279 S.W.3d at 293-94. Accordingly, the Petitioner has failed to establish that his pretrial attorneys provided deficient performance in any way.

As for prejudice, the Petitioner argues that due to pretrial counsels' alleged deficiencies, he was forced to represent himself at trial, which likely brought about his conviction. However, the Petitioner did not produce any evidence of pretrial counsels' alleged failures, much less any proof as to how those failures would have altered the outcome of the trial. Accordingly, we agree with the post-conviction court that the Petitioner has likewise failed to show any resulting prejudice because the Petitioner's bare allegation alone cannot establish that, but for counsels' errors, a different outcome would have resulted. *See Strickland*, 466 U.S. at 689-90.

## B. Appellate Counsel

The Petitioner finally argues that the post-conviction court erred by finding he received the effective assistance of appellate counsel. To this contention, he asserts that appellate counsel was ineffective by failing to pursue direct appeal claims regarding severance and sufficiency of the evidence. The State responds that the post-conviction did not err by denying relief as to this ground.

We determine whether counsel's representation on appeal was constitutionally effective using the same *Strickland* standard of review applied to claims of ineffective assistance at trial asserted under the Sixth Amendment to the United States Constitution. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). If a claim of ineffective assistance of counsel is based on the failure to raise a particular issue, then the reviewing court must determine the merits of the issue. *Id.* at 887. Obviously, if an issue has no merit or is weak, then counsel's performance on appeal will not be deficient if counsel fails to raise it. *Id.* Likewise, unless the omitted issue has some merit, the petitioner suffers no prejudice from counsel's failure to raise the issue on appeal. *Id.* In sum, "[w]hen an omitted issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim." *Id.* at 887-88 (citing *United States v. Dixon*, 1 F.3d 1080, 1083 (10th Cir. 1993)).

For the reviewing court to determine the merits of the previously omitted issue, a petitioner should present the issue in the same form and with the same legal argument, that is, applying law to the facts of the case, which the petitioner asserts counsel on appeal should have done. *Hamblin v. State*, No. M2012-01649-CCA-R3-PC, 2013 WL 5371230, at *8 (Tenn. Crim. App. Sept. 26, 2013). It is not enough to simply state that counsel on appeal should have raised certain issues and to argue that these issues could have resulted in relief being granted to the petitioner. *Id.*

"[T]here is no constitutional requirement that an attorney argue every issue on appeal." *Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995). Rather, "the determination of which issues to raise on appeal is generally within appellate counsel's sound discretion." *Carpenter*, 126 S.W.3d at 887 (citation omitted). An appellate court "should not second-guess such decisions, and every effort must be made to eliminate the distorting effects of hindsight." *Id.* (citation omitted). Deference to tactical choices, however, does not apply if such choices are not "within the range of competence required of attorneys in criminal cases." *Id.* (citation omitted).

Here, the Petitioner's general contention is that appellate counsel was ineffective because he "did not appeal the sufficien[cy] of the evidence nor the fact that [the Petitioner's] charges were not severed," which would have resulted in a different outcome. Appellate counsel testified that, while he reviewed the case file, he was limited as to which issues to raise due to the Petitioner's self-representation. He further stated that he met with the Petitioner on "several occasions[,]" and the two discussed "ad nauseum" which issues to raise on appeal. From his review of the case, he pursued only the strongest issues on appeal. The post-conviction court accredited appellate counsel's testimony in this regard. *See Fields*, 40 S.W.3d at 456. We conclude that appellate counsel's strategy was based on an informed decision and consultation with the Petitioner. As such, the Petitioner has failed to prove appellate counsel was deficient.

Likewise, as noted above, unless the omitted issue has some merit, the petitioner suffers no prejudice from counsel's failure to raise the issue on appeal. *Carpenter*, 126 S.W.3d at 887. However, the Petitioner did not present any argument or supporting authority explaining how these issues would have been successful on appeal. Accordingly, we likewise agree with the post-conviction court that the Petitioner failed to establish prejudice.

## III.    CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
KYLE A. HIXSON, JUDGE